IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA ESPINOZA<br>1501 Hampshire Way Court<br>Silver Spring, Maryland 20903<br><br>*On Behalf of Herself and*<br>*All Others Similarly Situated*<br><br>PLAINTIFF,<br>v.<br><br>SWIFT CLEANERS, INC.<br>1700 R Street, NW<br>Washington, DC 20009<br><br>SERVE:   Daniel In<br>1700 R Street, NW<br>Washington, DC 20009<br><br>And<br><br>DANIEL IN<br>1700 R Street, NW<br>Washington, DC 20009<br><br>DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff Gloria Espinoza (hereinafter "Plaintiff"), by and through undersigned counsel, on behalf of herself and all others similarly situated, hereby submits this collective action Complaint against Swift Cleaners, Inc. ("SC") and Daniel In ("In") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under the minimum wage and overtime provisions of the Federal Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA").

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. All at times relevant, Plaintiff performed work duties relevant to this action in the District of Columbia. By acting as the named Plaintiff in this action, Plaintiff hereby affirms her consent to participate as a Plaintiff in a collective action under the FLSA and DCMWA.

2. SC is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times, SC has been engaged in operating at least one dry cleaning business located in the District of Columbia.

3. At all times during Plaintiff's employment period, In was the one of the owners and controlling officers of SC. In this capacity:

   a. In had the power to hire, fire, suspend, and otherwise discipline Plaintiff and the FLSA and DCMWA Collective.

   b. In had the power to control the work schedule of Plaintiff and the FLSA and DCMWA Collective.

   c. In set and determined or had the power to set the rate and method of pay of Plaintiff and the FLSA and DCMWA Collective.

   d. In was in charge of the day-to-day operation of SC.

4. At all times material herein, Defendants had had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

5. Plaintiffs, along with other similarly situated employees of the Defendants, are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and Defendants have been at all times material herein "employers" within the meaning of the FLSA.

6. At all times during the period of Plaintiff's employment, Defendants were the "employers" of Plaintiff and the FLSA and DCMWA Collective for purposes of the FLSA and DCMWA.

7. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9. At all times, Plaintiff and the FLSA Collective were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed by Defendants as a cleaning laborer at Defendants' dry cleaning business operation in Washington, DC from about June 2010 through about November 13, 2013[1].

13. At all times while employed by Defendants, Plaintiff regularly and typically worked about fifty (50) or more hours per week.

14. At all times while employed by Defendants, Defendants had knowledge that Plaintiff regularly and typically worked about fifty (50) or more hours per week and suffered or permitted Plaintiff to work all hours herein alleged.

15. At all times while employed by Defendants, Defendants paid Plaintiff as a "salaried employee," in the amount of $500.00 per week; with the last two (2) weeks of Plaintiff's employment at the salary rate of $520.00 per week.

16. At no time while Plaintiff was employed by Defendants did Defendants ever pay Plaintiff at the FLSA and DCMWA required overtime rate of one-and-one-half (1½) times her regular rate of pay for overtime hours worked in excess of forty (40) per week.

17. At no time while Plaintiff was employed by Defendants did Plaintiff perform work duties that would make Plaintiff exempt from the FLSA or DCMWA overtime pay requirement.

18. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed

---

[1] By a private tolling agreement between the parties prior to the filing of this lawsuit, for the purposes of any statute of limitations, the date of this Complaint relates back to a filing date of November 20, 2013.

weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 58 (D.D.C. 2006).

19. At no time during the period of Plaintiff's employment with Defendants did Plaintiff and Defendants reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiff's salary was intended to compensate Plaintiff at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiff's rate of pay for hours worked each week in excess of forty (40).

20. At no time during the period of Plaintiff's employment did Defendants ever, in addition to Plaintiff's flat salary, pay extra wages to Plaintiff for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiff's regular rate of pay.

21. In legal truth, during Plaintiff's employment, Defendants paid Plaintiff her flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiff no wages at all for hours worked each week in excess of forty (40).

22. At all times during Plaintiff's employment with Defendants, Defendants had actual knowledge that the FLSA and DCMWA required that Plaintiff be paid for overtime hours worked each week in excess of forty (40) at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay.

23. At all times during Plaintiff's employment with Defendants, Defendants had actual knowledge that the rate and methods by which Defendants paid Plaintiff was in direct violation of the FLSA and DCMWA overtime pay requirement.

24. Defendants' violations of the FLSA and DCMWA have been intentional, willful, and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff is pursuing this action as an FLSA and DCMWA collective action on behalf of herself and all other similarly situated individuals who performed cleaning laborer related employment work duties for Defendants during the relevant time period (November 20, 2010 through the present).

28. In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

29. The essence of this entire case is that Defendants engaged in common and systematic violations of the FLSA and DCMWA overtime requirement.

30. At all times, Defendants failed to pay their cleaning laborer employees the FLSA and DCMWA required rate of one-and-one-half times (1½) their regular hourly rate for overtime hours worked each week in excess of forty (40).

31. Common to the claims of Plaintiff and all class members is that each individual received compensation from Defendants at a rate less than the required FLSA and DCMWA overtime rate.

32. Specifically, Plaintiff and each class member is seeking the difference between the wages Defendants paid them (or did not pay them) each week for overtime hours worked in excess of forty (40) and the wages Defendants should have paid Plaintiff

and each class member had Defendants compensated Plaintiff and each class member as required by the FLSA and DCMWA for all work duties performed.

33. In the present case, the number of class members is believed to exceed twelve (12) current and former employees.

34. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

35. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-34 above, as if each were set forth herein.

36. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

37. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and each of the Defendants were Plaintiff's "employers" under FLSA, 29 U.S.C. § 207(a)(2).

38. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

39. As set forth above, while in Defendants' employ, Plaintiff has worked many overtime hours each week.

40. As set forth above, Defendants failed and refused to pay Plaintiff for overtime hours worked each week in excess of forty (40) as required by the FLSA.

41. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and any individual that "opts in" or joins this lawsuit under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

42. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-41 above, as if each were set forth herein.

43. Plaintiff was Defendants' "employee," and each of the Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

44. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

45. As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week.

46. As set forth above, Defendants failed and refused to compensate Plaintiff as required by the DCMWA for all overtime hours worked each week in excess of forty (40).

47. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and any other individual that opts in or joins this action under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg
DC Fed Bar No. MD17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*